Robert Zelnick (*Pro Hac Vice*)
rzelnick@mwe.com
Rebecca Harker Duttry (*Pro Hac Vice*)
rduttry@mwe.com
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001-1531
Telephone: 202-756-8000
Facsimile: 202-756-8087

Evan E. Boetticher (SBN: 274377)
eboetticher@mwe.com
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
Tel:  (650) 815-7607
Fax:  (650) 469-1470

Attorneys for *North Coast Brewing Co., Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THELONIOUS SPHERE MONK, JR., as Administrator of and on behalf of the ESTATE OF THELONIOUS SPHERE MONK, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>NORTH COAST BREWING CO., INC., a California Corporation,<br><br>Defendant. | Case No.  4:17-CV-05015 HSG (DMR)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NORTH COAST BREWING COMPANY, INC.**<br><br>Hon. Haywood S. Gilliam, Jr.<br>Courtroom 2, 4th Floor |

For its Answer to the allegations in the First Amended Complaint ("FAC"), North Coast Brewing Company, Inc. ("North Coast" or "Defendant") states as follows:

With regard to the first unnumbered paragraph of the FAC, North Coast is without knowledge sufficient to form a belief about whether Mr. Monk Jr. is or may file the FAC as administrator and on behalf of the Estate of Thelonious Sphere Monk.  Therefore, North Coast

admits that the plaintiff in this action has identified itself as "Thelonious Sphere Monk Jr., as administrator of and on behalf of the Estate of Thelonious Sphere Monk," but denies each and every remaining allegation of this unnumbered paragraph.

1. North Coast admits that this action arises under the Lanham Act, 15 U.S.C. §1121, New Jersey common law and California law. North Coast denies each and every remaining allegation in paragraph 1 of the FAC.

2. North Coast admits the allegations in paragraph 2 of the FAC.

3. North Coast admits that the Court has supplemental jurisdiction of the New Jersey claim. North Coast denies each and every remaining allegation in paragraph 3 of the FAC.

4. North Coast is without sufficient information to admit or deny the allegations in paragraph 4 of the FAC, and therefore denies each and every allegation in paragraph 4 of the FAC.

5. North Coast admits the allegations in paragraph 5 of the FAC.

6. North Coast admits that venue is proper in this district and that North Coast is subject to personal jurisdiction in this District. North Coast denies each and every remaining allegation in paragraph 6 of the FAC.

7. North Coast is without knowledge sufficient to form a belief about whether Mr. Monk Jr. is or may properly file the FAC as administrator and on behalf of the Estate of Thelonious Sphere Monk. Therefore, North Coast admits that the plaintiff in this action has identified itself as "Thelonious Sphere Monk Jr., as administrator of and on behalf of the Estate of Thelonious Sphere Monk," but denies each and every remaining allegation in paragraph 7 of the FAC.

8. North Coast is without sufficient information to admit or deny the allegations in paragraph 8 of the FAC, and therefore denies each and every allegation in paragraph 8 of the FAC.

9. North Coast is without sufficient information to admit or deny the allegations in paragraph 9 of the FAC, and therefore denies each and every allegation in paragraph 9 of the FAC. North Coast is without sufficient information to admit or deny the authenticity, validity, contents of and allegations in regard to Exhibit 1 to the FAC, and therefore denies same.

10. North Coast admits the allegations in paragraph 10 of the FAC.

11. North Coast admits the allegations in paragraph 11 of the FAC.

12. North Coast admits that Monk was a pioneer of the Bebop style of jazz music, and that Monk was among several leaders of the jazz movement. North Coast is without information sufficient to admit or deny the remaining allegations in paragraph 12 of the FAC, and therefore denies each and every remaining allegation in paragraph 12 of the FAC.

13. North Coast admits that the three visual depictions in paragraph 13 of the FAC appear to be of Monk. North Coast is without sufficient information to admit or deny the remaining allegations in paragraph 13 of the FAC, and therefore denies each and every allegation of paragraph 13 of the FAC.

14. North Coast admits the allegations in paragraph 14 of the FAC.

15. North Coast admits the allegations in paragraph 15 of the FAC.

16. North Coast is without information sufficient to admit or deny the allegations in paragraph 16 of the FAC, and therefore denies each and every allegation in paragraph 16 of the FAC.

17. North Coast admits that Monk is or was a member of the Downbeat Jazz Hall of Fame. North Coast is without information sufficient to admit or deny the remaining allegations in paragraph 17 of the FAC, and therefore North Coast denies each and every remaining allegation in paragraph 17 of the FAC.

18. North Coast is without information sufficient to admit or deny the allegations at paragraph 18 in the FAC, and therefore denies each and every allegation in paragraph 18 of the FAC.

19. North Coast admits that Monk received a Grammy Lifetime Achievement Award and a star on the Hollywood Walk of Fame. North Coast is without information sufficient to admit or deny the remaining allegations in paragraph 19 of the FAC, and therefore denies each and every remaining allegation of paragraph 19 of the FAC.

20. North Coast denies each and every allegation in paragraph 20 of the FAC.

21. North Coast denies each and every allegation in paragraph 21 of the FAC.

22. North Coast denies each and every allegation in paragraph 22 of the FAC.

23. North Coast is without sufficient information to admit or deny the allegations in paragraph 23 of the FAC, and therefore denies each and every allegation in paragraph 23 of the FAC.

24. North Coast is without sufficient information to admit or deny the allegations in paragraph 24 of the FAC, and therefore denies each and every allegation in paragraph 24 of the FAC.

25. North Coast admits the allegations in paragraph 25 of the FAC.

26. North Coast admits the allegations in paragraph 26 of the FAC.

27. North Coast admits the allegations in paragraph 27 of the FAC.

28. North Coast admits that for many years it has brewed and sold a Belgian style abbey ale. North Coast is without information sufficient to admit or deny the remaining allegations of paragraph 28 of the FAC, and therefore denies each and every remaining allegation of paragraph 28 of the FAC.

29. North Coast admits that for many years it has produced, distributed and sold BROTHER THELONIOUS BELGIAN STYLE ABBEY ALE. North Coast denies each and every remaining allegation in paragraph 29 of the FAC.

30. North Coast admits that it has distributed, marketed and sold BROTHER THELONIOUS BELGIAN STYLE ABBEY ALE using the label that is visually depicted in

1  paragraph 30 of the FAC, as best as North Coast can read the reproduction of that label in the

2  FAC. North Coast denies each and every remaining allegation of paragraph 30 of the FAC.

3        31.     North Coast denies each and every allegation in paragraph 31 of the FAC.

4        32.     North Coast admits the allegations in paragraph 32 of the FAC.

5        33.     North Coast denies each and every allegation in paragraph 33 of the FAC.

6        34.     North Coast admits that, for the purpose of marketing and distributing BROTHER

7  THELONIOUS BELGIAN STYLE ABBEY ALE, it operates an online and physical store where

8  it markets and sells BROTHER THELONIOUS BELGIAN STYLE ABBEY ALE and cups, hats,

9  hoodies, iron-on patches, soap, t-shirts, tap handles, metal and neon signs, pins, playing cards,

10 mouse pads, posters and certain food products that bear "BROTHER THELONIOUS" or

11 "BROTHER THELONIOUS BELGIAN STYLE ABBEY ALE". North Coast denies each and

12 every remaining allegation in paragraph 34 of the FAC.

13       35.     North Coast denies each and every allegation in paragraph 35 of the FAC.

14       36.     North Coast denies each and every allegation of paragraph 36 of the FAC.

15       37.     North Coast admits that, prior to the present dispute, T. S. Monk verbally agreed,

16 among other things, to permit North Coast to utilize the THELONIOUS MONK name, image and

17 likeness for the purpose of marketing and distributing BROTHER THELONIOUS BELGIAN

18 STYLE ABBEY ALE in exchange for North Coast's agreement to donate a portion of the profits

19 from the sale of BROTHER THELONIOUS BELGIAN STYLE ABBEY ALE to the Thelonious

20 Monk Institute of Jazz. North Coast further admits and avers that sale and distribution of the

21 merchandise referenced at paragraph 38 of the FAC was for the sole purpose of marketing and

22 distributing BROTHER THELONIOUS BELGIAN STYLE ABBEY ALE.

23       38.     North Coast denies each and every allegation in paragraph 38 of the FAC.

24       39.     North Coast admits that Exhibit 2 of the FAC reflects a true and correct copy of a

25 letter dated January 11, 2016 that counsel for North Coast received from counsel for T.S. Monk

26

1  and The Monk Estate. North Coast denies each and every remaining allegation in paragraph 39
2  of the FAC.

3      40.    North Coast denies each and every allegation in paragraph 40 of the FAC.

4      41.    North Coast is without sufficient information to admit or deny the allegations in
5  paragraph 41 of the FAC, and therefore denies each and every allegation in paragraph 41 of the
6  FAC.

7      42.    Paragraph 42 of the FAC is neither an averment nor an allegation requiring a
8  response. To the extent that a response is required, Defendant incorporates by reference its
9  responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

10     43.    North Coast denies each and every allegation in paragraph 43 of the FAC.

11     44.    North Coast denies each and every allegation in paragraph 44 of the FAC.

12     45.    North Coast is without sufficient information to admit or deny the allegations in
13 paragraph 45 of the FAC, and therefore denies each and every allegation in paragraph 45 of the
14 FAC.

15     46.    North Coast denies each and every allegation in paragraph 46 of the FAC.

16     47.    North Coast denies each and every allegation in paragraph 47 of the FAC.

17     48.    North Coast denies each and every allegation in paragraph 48 of the FAC.

18     49.    North Coast denies each and every allegation in paragraph 49 of the FAC.

19     50.    North Coast denies each and every allegation in paragraph 50 of the FAC.

20     51.    North Coast denies each and every allegation in paragraph 51 of the FAC.

21     52.    North Coast denies each and every allegation in paragraph 52 of the FAC.

22     53.    North Coast denies each and every allegation in paragraph 53 of the FAC.

23     54.    North Coast denies each and every allegation in paragraph 54 of the FAC.

24     55.    North Coast denies each and every allegation in paragraph 55 of the FAC.

56. Paragraph 56 of the FAC is neither an averment nor an allegation requiring a response. To the extent that a response is required, Defendant incorporates by reference its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

57. North Coast is without sufficient information to admit or deny the allegations in paragraph 57 of the FAC, and therefore denies each and every allegation in paragraph 57 of the FAC.

58. North Coast is without sufficient information to admit or deny the allegations in paragraph 58 of the FAC, and therefore denies each and every allegation in paragraph 58 of the FAC.

59. North Coast is without sufficient information to admit or deny the allegations in paragraph 59 of the FAC, and therefore denies each and every allegation in paragraph 59 of the FAC.

60. North Coast is without sufficient information to admit or deny the allegations in paragraph 60 of the FAC, and therefore denies each and every allegation in paragraph 60 of the FAC.

61. North Coast is without sufficient information to admit or deny the allegations in paragraph 61 of the FAC, and therefore denies each and every allegation in paragraph 61 of the FAC.

62. North Coast denies each and every allegation in paragraph 62 of the FAC.

63. North Coast denies each and every allegation of paragraph 63 of the FAC.

64. North Coast denies each and every allegation of paragraph 64 of the FAC.

65. North Coast denies each and every allegation of paragraph 65 of the FAC.

66. North Coast denies each and every allegation of paragraph 66 of the FAC.

67. North Coast denies each and every allegation of paragraph 67 of the FAC.

68.  Paragraph 68 of the FAC is neither an averment nor an allegation requiring a response. To the extent that a response is required, Defendant incorporates by reference its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

69.  North Coast is without sufficient information to admit or deny the allegations in paragraph 69 of the FAC, and therefore denies each and every allegation in paragraph 69 of the FAC.

70.  North Coast is without sufficient information to admit or deny the allegations in paragraph 70 of the FAC, and therefore denies each and every allegation in paragraph 70 of the FAC.

71.  North Coast is without sufficient information to admit or deny the allegations in paragraph 71 of the FAC, and therefore denies each and every allegation in paragraph 71 of the FAC.

72.  North Coast is without sufficient information to admit or deny the allegations in paragraph 72 of the FAC, and therefore denies each and every allegation in paragraph 72 of the FAC.

73.  North Coast denies each and every allegation in paragraph 73 of the FAC.

74.  North Coast denies each and every allegation in paragraph 74 of the FAC.

75.  North Coast denies each and every allegation in paragraph 75 of the FAC.

76.  North Coast denies each and every allegation in paragraph 76 of the FAC.

77.  North Coast denies each and every allegation in paragraph 77 of the FAC.

78.  North Coast denies each and every allegation in paragraph 78 of the FAC.

79.  Paragraph 79 is neither an averment nor an allegation requiring a response. To the extent that a response is required, Defendant incorporates by reference its responses to the allegations contained in the preceding paragraphs as though fully set forth herein.

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

DM_US 88921030-1.072542.0013    - 8 -    Defendant's Answer to Amended Complaint; Affirmative Defenses
Case No. C-17-05015 HSG (DMR)

80. North Coast is without sufficient information to admit or deny the allegations in paragraph 80 of the FAC, and therefore denies each and every allegation in paragraph 80 of the FAC.

81. North Coast denies each and every allegation in paragraph 81 of the FAC.

82. North Coast denies each and every allegation in paragraph 82 of the FAC.

83. North Coast denies each and every allegation in paragraph 83 of the FAC.

84. North Coast denies each and every allegation in paragraph 84 of the FAC.

85. North Coast denies each and every allegation in paragraph 85 of the FAC.

North Coast denies the remainder of allegations in the "Prayer for Relief" and denies that Plaintiff is entitled to any relief from Defendant. Except as and to the extent expressly admitted herein, North Coast denies each and every allegation and prayer for relief as set forth in Plaintiff's FAC or otherwise.

\* \* \*

**DEFENDANT'S AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant hereby asserts and pleads the following defenses to Plaintiff's claims for relief:

**FIRST AFFIRMATIVE DEFENSE**

**(No claim)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate's FAC, and the claims alleged therein, are barred by The Monk Estate's failure to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Expired rights)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred because New Jersey common law does not recognize a post-mortem right of publicity in the name, image or likeness of Mr. Monk Sr. more than 30 years after the death of Mr. Monk Sr.

## THIRD AFFIRMATIVE DEFENSE

### (Abandonment)

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense.  The FAC, and the claims alleged therein, are barred by The Monk Estate's abandonment of the rights and property asserted in support of its claims.  On information and belief, The Monk Estate failed to use the name, image and likeness of Mr. Monk Sr. as a trademark prior to the acts of North Coast complained of in the FAC.  The Monk Estate also failed to assert quality control over North Coast's uses of any trademarks or other designations used by North Coast and complained-of in the FAC.  To the extent that The Monk Estate claims that it granted a "license" to North Coast, such a license was a naked license, thus constituting abandonment of the licensed rights, and thereby invalidating and resulting in loss of priority for any rights that The Monk Estate may claim to have licensed.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean hands)

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense.  The Monk Estate's claims are barred by the doctrine of unclean hands.  On information and belief, The Monk Estate willfully misrepresented material facts in the FAC that The Monk Estate knew or should have known were false when made.  For example, at para. 38 of the FAC, The Monk Estate falsely claimed that it never authorized use of the name, image or likeness of Mr. Monk Sr. for the sale or distribution of merchandise identified in that paragraph of the FAC.  In addition, for example, it is inequitable for The Monk Estate to refuse to honor, to attempt to revoke or withdraw consent, or to unilaterally attempt to amend a contract it admits existed in relation to the acts complained-of herein many years after giving consent to such acts.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Release)

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred because The Monk Estate has waived whatever right it may have had to assert the claims in the FAC, and because The Monk Estate released North Coast from the acts complained-of in the FAC. For example, The Monk Estate avers in the FAC that it never consented to North Coast's sale or distribution of merchandise other than ale. The Monk Estate freely and knowingly gave up any right to prevent North Coast from undertaking those acts and other acts complained-of in the FAC. Thus, the Monk Estate failed to take proper steps to assert those claims in a timely manner, knowingly relinquished and released such claims and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert such claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Promissory Estoppel)

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred by promissory estoppel. The Monk Estate failed to take proper steps to assert in a timely fashion the claims alleged in the FAC and otherwise acted in a manner inconsistent with an intent to assert or preserve its right to assert any of the claims, all to the detriment of North Coast which has devoted resources to developing its business and the BROTHER THELONIOUS Brand over many years in reliance on Plaintiff's assurances, actions and inactions. The Monk Estate pleads that it made a promise of consent, in exchange for monetary donations by North Coast to the non-profit Monk Institute, and North Coast relied on The Monk Estate's promise by acting or forebearing to act. North Coast's reliance was both reasonable and foreseeable, and The Monk Estate did foresee that North Coast would rely on that promise. Through the filing of this lawsuit

1  and otherwise, North Coast has been injured by its reliance on The Monk Estate's promise.
2  Injustice can be avoided only by enforcement of The Monk Estate's promise.

### SEVENTH AFFIRMATIVE DEFENSE

### (Judicial estoppel)

5  North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Plaintiff's FAC, and the claims alleged therein, are barred by judicial estoppel. Plaintiff represented to the Court in its original Complaint that Mr. Monk Sr. was a resident of and domiciled in New York at the time of his death. On information and belief, only after being informed that New York does not recognize a post-mortem right of publicity, The Monk Estate amended its Complaint to instead allege in the FAC that Mr. Monk Sr. was domiciled and resided in New Jersey at the time of his death, where he allegedly lived for the 10 years prior to his death. Thus, on information and belief, The Monk Estate has taken two totally inconsistent positions before this Court, for the purpose of, for example, avoiding dismissal of this case pursuant to Rule 12(b)(6). Moreover, on information and belief, because The Monk Estate amended its complaint in this regard to avoid dismissal of right of publicity claims that are not recognized post-mortem for persons that were domiciled in New York, the allegation of domicile in New York was not the result of ignorance, fraud or mistake.

### EIGHTH AFFIRMATIVE DEFENSE

### (Contract)

20  North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate's FAC, and the claims alleged therein, are barred by one or more contracts and agreements between the parties. For example, The Monk Estate alleges that it contractually consented to North Coast's engagement in the acts complained-of in the FAC in exchange for North Coast's agreement to donate a portion of profits to the Monk Institute. In addition, for example, North Coast's sale of merchandise as accused at para. 38 and elsewhere in the FAC was for the purpose of marketing and distributing BROTHER

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

THELONIOUS ale, which falls within the scope of the contract that The Monk Estate alleges it entered with North Coast.

### NINTH AFFIRMATIVE DEFENSE

**(Ratification, Consent and Acquiescence)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred because The Monk Estate ratified, agreed to, consented to, and acquiesced in, the acts about which it complains in the FAC. For example, for many years The Monk Estate repeatedly encouraged, participated in, ratified, cooperated in and acquiesced in the acts complained-of in the FAC.

### TENTH AFFIRMATIVE DEFENSE

**(Unconscionability)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because it is unconscionable for The Monk Estate – many years after giving consent and entering a contract in relation thereto – to refuse to honor, to attempt to revoke or to attempt to withdraw consent, or to seek to unilaterally amend a contract it avers existed in relation to the acts of North Coast complained-of herein.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Breach of Contract by Plaintiff)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because North Coast fully performed its duties that may have been required in exchange for The Monk Estate's grant of consent to the acts complained-of in the FAC. The Monk Estate never terminated, withdrew or revoked its grant of consent – or the contract that it pleads existed – which provided consent to the acts of North Coast complained-of herein. The Monk Estate cannot be permitted to

unilaterally amend the terms of a contract that it has never terminated, withdrawn or revoked, and therefore cannot benefit in relation to its breach of a contract it pleads existed.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith and Payment)

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because North Coast has undertaken the acts complained-of herein in good faith and has continuously provided equivalent value by fully performing and carrying out the payment obligation The Monk Estate pleads was made in exchange for such consent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Defendant Owns Incontestable Trademark)

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because they are asserted against a trademark that has been in continuous use since it was registered more than ten years ago and which became Incontestable more than four years ago. The Monk Estate cannot claim that use of North Coast's trademark is an infringement. The Monk Estate did not make continuous use of a mark or trade name, which The Monk Estate can claim is infringed by The Monk Estate's rights, continuing from a date prior to the date of registration of North Coast's Incontestable registration.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Injury)

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because The Monk Estate has suffered no injury or harm from the actions of North Coast complained-of in the FAC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Act in a Commercially Reasonable Manner)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred by The Monk Estate's failure to act in a commercially reasonable manner.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because they are barred by the statutes of limitation for each claim in the FAC.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred by laches. Without reasonable excuse, The Monk Estate unreasonably delayed in initiating this lawsuit and complaining about the acts complained-of herein, acquiesced in the actions complained-of herein, and prejudiced the rights of North Coast insofar as North Coast devoted resources to, for example, building a business and the BROTHER THELONIOUS Brand in reliance on the consent, action and inaction of The Monk Estate.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred by equitable estoppel. The Monk Estate has, by its own statements and its actions and inaction, intentionally and deliberately led North Coast to believe that the acts complained-of in the FAC were not objected to by, and did not violate any rights of, The Monk Estate. The Monk Estate intended

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

DM_US 88921030-1.072542.0013 - 15 -   DEFENDANT'S ANSWER TO AMENDED COMPLAINT; AFFIRMATIVE DEFENSES
CASE NO. C-17-05015 HSG (DMR)

1  that North Coast would act upon The Monk Estate's statements and conduct and inaction. North
2  Coast believed such statements and conduct and believed that The Monk Estate intended for
3  North Coast to act upon such statements and conduct. North Coast did not know that The Monk
4  Estate would object to the acts complained-of in the FAC, and, at least until the filing of the
5  Complaint, The Monk Estate did not demand that North Coast cease the acts complained-of in the
6  FAC. The Monk Estate incurred expense and acted to its detriment in reliance upon The Monk
7  Estate's statements and conduct. The Monk Estate is estopped to contradict its prior statements
8  and conduct; to assert the rights that The Monk Estate has asserted in the FAC; and to now
9  complain that North Coast's actions have been unauthorized by The Monk Estate or that they are
10 in violation of The Monk Estate's alleged rights.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Consent to Use Trademark Cannot Be Unilaterally Withdrawn)**

13 North Coast repeats and realleges all of the other Affirmative Defenses as though stated in
14 this Affirmative Defense. Having consented to North Coast's use of the name, image and
15 likeness of Mr. Monk Sr., the BROTHER THELONIOUS Brand and any other designations
16 complained-of in the FAC, The Monk Estate relinquished any ability to later claim that the use of
17 same constitutes infringement, false endorsement, unjust enrichment or any other act complained-
18 of in the FAC. The Monk Estate's consent is not revocable, and the FAC and the claims therein
19 must fail.

### TWENTIETH AFFIRMATIVE DEFENSE

**(No Mistake, Fraud, Coercion or Request)**

22 North Coast repeats and realleges all of the other Affirmative Defenses as though stated in
23 this Affirmative Defense. Because North Coast did not obtain a benefit from The Monk Estate
24 due to mistake, fraud, coercion or request, there was no unjust enrichment of North Coast, and
25 The Monk Estate's FAC and the claims therein must fail.

26

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

DM_US 88921030-1.072542.0013 - 16 - DEFENDANT'S ANSWER TO AMENDED COMPLAINT; AFFIRMATIVE DEFENSES
CASE NO. C-17-05015 HSG (DMR)

### TWENTY FIRST AFFIRMATIVE DEFENSE

**(Claims Merely Duplicative of Statutory or Common Law Claims)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Because The Monk Estate's unjust enrichment claim is merely duplicative of statutory or common law claims that are made in the FAC, The Monk Estate's FAC and the claims therein must fail.

### TWENTY SECOND AFFIRMATIVE DEFENSE

**(Plaintiff Cannot Assert Quasi-Contract Theory of Unjust Enrichment)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate has plead that a contract was formed between the parties in which The Monk Estate granted consent to North Coast's acts complained-of in the FAC. Because The Monk Estate has not revoked or terminated said contract, and because that contract continues to exist, The Monk Estate cannot claim a quasi-contract theory of unjust enrichment, and the FAC and the claims therein fail.

### TWENTY THIRD AFFIRMATIVE DEFENSE

**(Plaintiff's Fault)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Through its statements and actions, The Monk Estate encouraged, induced and caused others to purchase goods from North Coast that are complained-of in the FAC. As a result of Plaintiff's fault for the actions complained-of herein, the FAC and the claims therein must fail.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate's damages are merely speculative. Therefore, The Monk Estate's claim for damages in the FAC must fail.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

## TWENTY FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Through its actions and inactions, The Monk Estate has failed to mitigate the damages it seeks in this action. Therefore, The Monk Estate's claim for damages in the FAC must fail.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

**(Punitive Damages Not Available)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Because punitive damages are not available for the claims in the FAC, The Monk Estate's claim for punitive damages must fail.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

**(No Double Recovery)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate cannot be awarded damages for the same accused acts of North Coast that are cast in multiple theories of recovery. Therefore, The Monk Estate's claims for damages must fail.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate seeks a recovery that it is not entitled to recover, and the award of judgment sought by The Monk Estate would unjustly enrich The Monk Estate. Therefore, The Monk Estate's claims for damages must fail.

## TWENTY NINTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

As discovery has only recently commenced, North Coast presently has insufficient knowledge and information regarding additional affirmative defenses it may have to the FAC. North Coast reserves its right to assert or plead additional defenses throughout discovery in this case.

## PRAYER FOR RELIEF

WHEREFORE, North Coast prays that the Court enter judgment as follows:

1. Entering judgment for North Coast on all claims made against North Coast in the FAC, and ordering that Plaintiff take nothing on its First Amended Complaint;

2. Finding that Plaintiff's actions make this an exceptional case, and awarding North Coast its costs and attorneys' fees incurred in this case; and

3. Granting all such further and other relief that the Court deems just and proper.

Respectfully submitted,

Dated: February 14, 2018            McDERMOTT WILL & EMERY LLP

By:   */s/ Robert W. Zelnick*
      Robert W. Zelnick

*Attorneys for North Coast Brewing Co., Inc.*

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

DM_US 88921030-1.072542.0013

- 19 -

DEFENDANT'S ANSWER TO AMENDED COMPLAINT; AFFIRMATIVE DEFENSES
CASE NO. C-17-05015 HSG (DMR)