Jonah A. Grossbardt (State Bar No. 283584)
**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
10250 Constellation Boulevard
Suite 100
Los Angeles, CA 90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Joel B. Rothman, (admitted Pro Hac Vice)
joel.rothman@sriplaw.com
**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL 33431
561.404.4350 – Telephone
561.404.4353 - Facsimile

Attorneys for Plaintiff
THELONIOUS SPHERE MONK, JR., as Administrator of and on behalf of the ESTATE OF THELONIOUS SPHERE MONK, Deceased,

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| THELONIOUS SPHERE MONK, JR., as Administrator of and on behalf of the ESTATE OF THELONIOUS SPHERE MONK, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH COAST BREWING CO., INC., a California Corporation,<br><br>Defendant. | Case No.: 4:17-cv-05015-HSG<br><br>**THELONIOUS SPHERE MONK, JR., AS ADMINISTRATOR OF AND ON BEHALF OF THE ESTATE OF THELONIOUS SPHERE MONK, DECEASED'S MOTION TO STRIKE NORTH COAST'S BREWING CO., INC.'S AFFIRMATIVE DEFENSES**<br><br>Date: June 21, 2018<br>Time: 2:00p.m.<br>Ctrm: 2-4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 21, 2018 at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Haywood S. Gilliam, Jr., 1301 Clay Street, Oakland, CA 94612, Courtroom 2, 4th Floor, Plaintiff THELONIOUS SPHERE MONK, JR., as Administrator of and on behalf of the ESTATE OF THELONIOUS SPHERE MONK, Deceased (the "Monk Estate"), will and do hereby move to strike the affirmative defenses in the Answer and Affirmative Defenses of Defendant North Coast Brewing Co., Inc., ("North Coast").

This motion to strike is made pursuant to Fed. R. Civ. P. 12(f) on the grounds that North Coast's affirmative defenses fail to meet the heightened pleading standards required by the United States District Court Northern District of California. As discussed in the following Memorandum of Points and Authorities, North Coast has failed to state sufficient information in its affirmative defenses and they should be stricken.

This motion is based upon this Notice of Motion and Motion and all the papers and pleadings on file in this action, all matters of which the Court may take judicial notice, and such other pleadings, evidence or argument as may be considered by the Court. A proposed order is included with this motion.

Plaintiff THELONIOUS SPHERE MONK, JR., as Administrator of and on behalf of the ESTATE OF THELONIOUS SPHERE MONK, Deceased, by and through his undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike Defendant's Affirmative Defenses [D.E. 50]. In support of this motion, Plaintiff states as follows:

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

## I. Introduction

This Motion is occasioned by the Defendant's filing of twenty-nine redundant, insufficient, and/or legally baseless affirmative defenses. [See D.E. 50]. Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves to strike the Defendant's affirmative defenses. Defendant's counsel has agreed to withdraw its First and Twenty-Ninth affirmative. [See D.E 57-2]. Plaintiff believes that these two defenses are also objectionable but will not address them because Defendant has withdrawn the two defenses prior to the filing of this motion.

Plaintiff moved for an enlargement of time to file this motion from March 7, 2018 to March 21, 2018. [D.E. 57]. The Court granted this extension on March 8, 2018. [D.E. 58].

## II. Legal Standard

The Northern District follows the heightened pleading standard for affirmative defenses pursuant to *Iqbal* and *Twombly*. *See Barnes v. AT&T*, 718 F.Supp. 2d 1167, 1171 (N.D. Cal. 2010). Affirmative defenses must give the plaintiff fair notice of issues that may be raised at trial and must comport to Federal Rule of Civil Procedure 8(c). *See Id*.

## III. Argument

A. <u>All of Defendant's Affirmative Defenses</u>

All of the Defendant's affirmative defenses should be stricken because each affirmative defense states "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense." [D.E. 50, Pg. 9-19]. This is an improper shotgun style of pleading affirmative defenses. This style of pleading

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

needlessly complicates North Coast's affirmative defenses and makes it exceedingly difficult for the Monk Estate to understand each separate and distinct affirmative defense. Courts have held that this style of affirmative defense pleading wreak havoc on the judicial system. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d. 1273, 1279 (11th Cir. 2006).

B. Defendant's Eighth Affirmative Defense (Contract)

Defendant's eighth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate's FAC, and the claims alleged therein, are barred by one or more contracts and agreements between the parties. For example, The Monk Estate alleges that it contractually consented to North Coast's engagement in the acts complained-of in the FAC in exchange for North Coast's agreement to donate a portion of profits to the Monk Institute. In addition, for example, North Coast's sale of merchandise as accused at para. 38 and elsewhere in the FAC was for the purpose of marketing and distributing BROTHER THELONIOUS ale, which falls within the scope of the contract that The Monk Estate alleges it entered with North Coast." [D.E. 50, pg. 12-13]. This affirmative defense should be stricken because it appears to be a counterclaim seeking affirmative relief couched in an affirmative defense. *See Mendoza-Govan*, LEXIS 47075 at *18 (N.D. Cal. April 25, 2011).

C. Defendant's Eleventh Affirmative Defense (Breach of Contract by Plaintiff)

Defendant's eleventh affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because North Coast fully

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

performed its duties that may have been required in exchange for The Monk Estate's grant of consent to the acts complained-of in the FAC. The Monk Estate never terminated, withdrew or revoked its grant of consent – or the contract that it pleads existed – which provided consent to the acts of North Coast complained-of herein. The Monk Estate cannot be permitted to unilaterally amend the terms of a contract that it has never terminated, withdrawn or revoked, and therefore cannot benefit in relation to its breach of a contract it pleads existed." [D.E. 50, pg. 13-14]. This affirmative defense should be stricken because it appears to be a counterclaim seeking affirmative relief couched in an affirmative defense. *See Mendoza-Govan*, LEXIS 47075 at *18.

D. <u>Defendant's Fourteenth Affirmative Defense (No Injury)</u>

Defendant's fourteenth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because The Monk Estate has suffered no injury or harm from the actions of North Coast complained-of in the FAC." [D.E. 50, pg. 14]. This is improper because an affirmative defense must plead matters extraneous to Plaintiff's prima facie case. *See J & J Sports Prods. v. Bernal*, 2014 U.S. Dist. LEXIS 67890 at *9-11 (E.D. Cal. May 16, 2014). This affirmative defense does not plead extraneous matter and only states that there is no injury.

E. <u>Defendant's Fifteenth Affirmative Defense (Failure to Act in a Commercially Reasonable Manner)</u>

Defendant's Fifteenth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, are barred by The Monk Estate's

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

failure to act in a commercially reasonable manner." [D.E. 50, pg. 15]. This is an improper affirmative defense because it is based on damages and also does not give plaintiff fair notice to the factual basis of this affirmative defense. *See Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402 at *10 (N.D. Cal. October 9, 2012).

F. Defendant's Sixteenth Affirmative Defense (Statute of Limitations)

Defendant's sixteenth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The FAC, and the claims alleged therein, fail because they are barred by the statutes of limitation for each claim in the FAC." [D.E. 50, pg. 15]. This is an improper affirmative defense because North Coast does not allege any theory or facts giving the Monk Estate notice of how the claims are outside the applicable statute of limitations. *See Mendoza-Govan*, LEXIS 47075 at *12.

G. Defendant's Twentieth Affirmative Defense (No Mistake, Fraud, Coercion or Request)

Defendant's twentieth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Because North Coast did not obtain a benefit from The Monk Estate due to mistake, fraud, coercion or request, there was no unjust enrichment of North Coast, and The Monk Estate's FAC and the claims therein must fail." [D.E. 50, pg. 16]. This is an improper affirmative defense because it is based on damages and also does not give plaintiff fair notice to the factual basis of this affirmative defense. *See Joe Hand Promotions*, LEXIS 145402 at *10.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

H. Defendant's Twenty-First Affirmative Defense (Claims Merely Duplicative of Statuary or Common Law Claims)

Defendant's twenty-first affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Because The Monk Estate's unjust enrichment claim is merely duplicative of statutory or common law claims that are made in the FAC, The Monk Estate's FAC and the claims therein must fail." [D.E. 50, pg. 17]. This is an improper affirmative defense because the Monk Estate may state claims for relief in the alternative. *See Joe Hand Promotions*, LEXIS 145402 at *12.

I. Defendant's Twenty-Fifth Affirmative Defense (Failure to Mitigate Damages)

Defendant's twenty-fifth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Through its actions and inactions, The Monk Estate has failed to mitigate the damages it seeks in this action. Therefore, The Monk Estate's claim for damages in the FAC must fail." [D.E. 50, pg. 18]. This is an improper affirmative defense because it is based on damages which is an improper affirmative defense. *See Joe Hand Promotions*, LEXIS 145402 at *10.

J. Defendant's Twenty-Sixth Affirmative Defense (Punitive Damages Not Available)

Defendant's Twenty-Sixth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. Because punitive damages are not available for the claims in the FAC, The Monk Estate's claim for punitive damages must fail." [D.E. 50, pg. 18]. This is an

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

improper affirmative defense because it is based on damages which is an improper affirmative defense. *See Joe Hand Promotions*, LEXIS 145402 at *10.

K. Defendant's Twenty-Seventh Affirmative Defense (No Double Recovery)

Defendant's twenty-seventh affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate cannot be awarded damages for the same accused acts of North Coast that are cast in multiple theories of recovery. Therefore, The Monk Estate's claims for damages must fail." [D.E. 50, pg. 18]. This is an improper affirmative defense because it is based on damages which is an improper affirmative defense. *See Joe Hand Promotions*, LEXIS 145402 at *10.

L. Defendant's Twenty-Eighth Affirmative Defense (Unjust Enrichment)

Defendant's twenty-eighth affirmative defense states that "North Coast repeats and realleges all of the other Affirmative Defenses as though stated in this Affirmative Defense. The Monk Estate seeks a recovery that it is not entitled to recover, and the award of judgment sought by The Monk Estate would unjustly enrich The Monk Estate. Therefore, The Monk Estate's claims for damages must fail." [D.E. 50, pg. 18]. This is an improper affirmative defense and appears to be a counterclaim seeking affirmative relief couched in an affirmative defense. *See Mendoza-Govan*, LEXIS 47075 at *18.

///

///

///

///

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
LOS ANGELES, CALIFORNIA

## IV. Conclusion

For the foregoing reasons, the Monk Estate's motion to strike affirmative defenses should be granted without leave to amend.

DATED: March 21, 2018

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT (SBN 283584)
JOEL B. ROTHMAN (Pro Hac Vice)

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**

Attorneys for Plaintiff Estate of Thelonious Monk

Plaintiff's Motion to Strike
Defendant's Affirmative Defenses
Case No. C-17-05015

PAGE NO 9 of 9