UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELONIOUS MONK, JR.,<br>Plaintiff,<br>v.<br>NORTH COAST BREWING CO. INC.,<br>Defendant. | Case No. 17-cv-05015-HSG<br>**ORDER GRANTING MOTIONS TO SEAL**<br>Re: Dkt. Nos. 101, 110, 112, 116, 118, 132, 138 |

Pending before the Court are the parties' administrative motions to seal various documents pursuant to Civil Local Rule 79-5. *See* Dkt. Nos. 101, 110, 112, 116, 118, 132, 138.

**I.     LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

(quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

The various documents and portions of documents the parties seek to seal are more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons" standard. The parties have provided a compelling interest in sealing portions of the various documents listed below because they contain confidential business and financial information relating to the operations of the Monk Estate, North Coast Brewing Company, Inc., and non-party the Thelonious Monk Institute of Jazz. *See In re Elec. Arts, Inc.*,

298 F. App'x 568, 569 (9th Cir. 2008) (ordering sealing where documents could be used "'as sources of business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (holding sensitive financial information falls within the class of documents that may be filed under seal); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012). The parties have identified portions of the unredacted versions of motions and exhibits as containing confidential business information and the Court finds sufficiently compelling reasons to grant the motions to file the below-indicated portions under seal.

The parties request the following portions of the various documents be sealed:

| Dkt. No. Public/(Sealed) | Document | Portion(s) Sought to be Sealed | Ruling (basis) |
|---|---|---|---|
| 101-3/(101-4) | Exhibit 2 to Defendant's Motion to Exclude Expert Testimony | Proposed redactions in Dkt. No. 101-4 | GRANTED |
| 101-5/(101-6) | Exhibit 6 to Defendant's Motion to Exclude Expert Testimony | Proposed redactions in Dkt. No. 101-6 | GRANTED |
| 110-3/(110-4) | Opposition to Defendant's *Daubert* Motion to Exclude Expert Testimony | Value of royalty income at 8:19 | GRANTED |
| 112-3/(112-4) | Deposition of Douglas Moody | Deposition testimony at 160:2–21, 161:7–24; Deposition Exhibit 13 | GRANTED |
| 112-5/(112-6) | Deposition of Gale Monk | Deposition testimony at 20:9; account number in Deposition Exhibit 56 | GRANTED |
| 112-7/(112-8) | Deposition of Denise Pruitt | Names in Exhibit 95 | GRANTED |
| 116-3/(116-4) | Reply Memorandum in Support of Motion for Summary Judgment | Deposition exhibit quotation at 8:7–9 | GRANTED |
| 116-5/(116-6) | Exhibit 27 | Proposed redactions in Dkt. No. 116-6 | GRANTED |
| 116-7/(116-8) | Exhibit 28 | Proposed redactions in Dkt. No. 116-8 | GRANTED |
| 116-9/(116-10) | Exhibit 29 | Proposed redactions in Dkt. No. 116-10 | GRANTED |
| 116-11/(116-12) | Exhibit 30 | Proposed redactions in Dkt. No. 116-12 | GRANTED |

| | | | |
|---|---|---|---|
| 116-13/(116-14) | Exhibit 31 | Proposed redactions in Dkt. No. 116-14 | GRANTED |
| 116-15/(116-16) | Exhibit 32 | Proposed redactions in Dkt. No. 116-16 | GRANTED |
| 116-17/(116-18) | Exhibit 33 | Proposed redactions in Dkt. No. 116-18 | GRANTED |
| 118-3/(118-4) | Exhibit 16 in Support of Motion to Exclude Expert Testimony | Redacted version in Dkt. No. 118-3 | GRANTED |
| 132-3/(132-4) | Exhibit 3 to Motion in Limine No. 1 | Entire exhibit | GRANTED |
| 138-3/(138-4) | Exhibit A to Opposition to Motion in Limine No. 1 | Entire exhibit | GRANTED |
| 138-5/(138-6) | Exhibit B to Opposition to Motion in Limine No. 1 | Entire exhibit | GRANTED |
| 138-7/(138-8) | Exhibit C to Opposition to Motion in Limine No. 1 | Proposed redactions in Dkt. No. 138-8 | GRANTED |

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions to seal Dkt. Nos. 101, 110, 112, 116, 118, 132, and 138. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 11/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge